UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO: 4:21-CR-242 |
| | ) | |
| v. | ) | (JUDGE BRANN) |
| | ) | |
| HAYES D. HORNER, JR., | ) | |
| | ) | |
| Defendant. | ) | (Electronically Filed) |

MOTION OF THE UNITED STATES FOR
PRELIMINARY ORDER OF FORFEITURE

COMES NOW the United States of America, by and through Bruce D. Brandler, Acting United States Attorney for the Middle District of Pennsylvania, and Sean A. Camoni, Assistant United States Attorney, and respectfully moves the court for a Preliminary Order of Forfeiture in the above-captioned case for the reasons set forth below:

1. On August 31, 2021, an Information was filed charging the defendant with violation of 18 U.S.C. § 1343, Count 1, among other crimes, and giving notice of forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2. On August 23, 2021, the defendant entered into a Plea Agreement with the United States and agreed to the forfeiture of the following property:

  a. $100,583.66 in funds seized from Bank #2, account ending in 6523 in the name of Horner's Towing & Recovery LLC, on or about June 28, 2021, currently in the possession of the United States Marshals Service.

3. The United States seeks forfeiture of all interests in the above-referenced property including titled owners, spouses, and any other interested parties.

4. On October 18, 2021, pursuant to a written Plea Agreement with the United States, the defendant pled guilty to the Information and violation of 18 U.S.C. § 1343, Count 1. Accordingly, the United States now moves pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure for the entry of a Preliminary Order of Forfeiture, forfeiting the property described in the Information to the United States.

5. Rule 32.2(b) Federal Rules of Criminal Procedure provides that:

> As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the

court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. Rule 32.2(b)(1)(A).

If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c). Rule 32.2(b)(2)(A).

The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal. Rule 32.2(b)(3).

At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c). Rule 32.2(b)(4)(A).

6. To obtain an order of forfeiture pursuant to Rule 32.2(b), the United States must establish the required nexus between the property

and the offense of conviction by a preponderance of the evidence. *See Libretti v. United States*, 516 U.S. 29 (1995); *United States v. Voigt*, 89 F.3d 1050, 1083 (3d Cir. 1996); *United States v. Gartland*, 540 Fed. Appx. 136, 139 (3d Cir. 2013).

    7.    Based on the allegation in the Information, as agreed upon in the Plea Agreement, the United States has established the requisite nexus between the property and the offense to which the defendant has pled guilty. Specifically, the United States has established that the above-named currency was obtained or retained by the defendant as proceeds of the offense charged in Count 1. Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

    8.    Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 32.2(b)(3), the United States Attorney will, for a period of thirty (30) consecutive days, publish on the government's internet forfeiture website notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendants, having or claiming a legal interest in the property must file

a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. Pursuant to 21 U.S.C. § 853(n), notice will state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

9. The United States requests that the court give notice that no claim filed with the seizing agency in an administrative proceeding nor any petition filed in a related civil action shall qualify as a petition that must be filed in this action which meets the requirements of and within the time allowed under 21 U.S.C. § 853(n), as described above.

10. In accordance with the provisions of Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it

be permitted to seize the specific property subject to forfeiture whether held by the defendant or a third party, and to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

11.  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, the United States request that it be permitted to conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

12.  Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 18 U.S.C. § 3554, the United States requests that the Preliminary Order of Forfeiture be declared final as to the defendant at the time of sentencing immediately pursuant to the Plea Agreement and be made part of the sentence and included in the judgment.

13.  Upon adjudication of all third-party interests, the United States will seek entry of a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

14.  As set forth in the Plea Agreement, the defendant concurs with this motion.

WHEREFORE, the United States respectfully requests that:

    (1)    the court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described above;

    (2)    the court order the United States or its designee to seize and maintain custody of the forfeited property and dispose of it in accordance with the law upon entry of a final order of forfeiture; and

(3) the Preliminary Order of Forfeiture be incorporated into the court's Judgment and Commitment at sentencing in accordance with Fed. R. Crim. P. 32.2(b)(3) and 18 U.S.C. § 3554.

        Respectfully submitted,

        BRUCE D. BRANDLER
        ACTING UNITED STATES ATTORNEY

By:   */s/* Sean A. Camoni
      SEAN A. CAMONI
      Assistant U.S. Attorney
      235 N. Washington Avenue, Ste. 311
      Scranton, PA 18503
      Phone: 570-348-2800
      Fax: 570-348-2037
      sean.a.camoni@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

Pursuant to Standing Order 03-1 and Local Rules 4.2 and 5.7, I hereby certify that the foregoing document was served through electronic case filing on October 26, 2021.

        Respectfully submitted,

        BRUCE D. BRANDLER
        ACTING UNITED STATES ATTORNEY

By:   */s/* Sean A. Camoni
        SEAN A. CAMONI
        Assistant U.S. Attorney
        235 N. Washington Avenue, Ste. 311
        Scranton, PA 18503
        Phone: 570-348-2800
        Fax: 570-348-2037
        sean.a.camoni@usdoj.gov